Tyler J. Woods, Bar No. 232464
twoods@trialnewport.com
NEWPORT TRIAL GROUP
4100 Newport Place, Suite 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

*Attorneys for Plaintiff Shipping and Transit, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIPPING AND TRANSIT LLC, a Florida Limited Liability Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GREYHOUND LINES, INC., a Delaware Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 2:16-cv-4869<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed: N/A<br>Trial Date: N/A |

## COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint, Plaintiff Shipping and Transit LLC ("Plaintiff"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Plaintiff is a company organized and existing under the laws of Florida and having an address at 711 SW 24th, Boynton Beach, Florida 33435.

2. On information and belief, defendant Greyhound Lines, Inc., ("Defendant") is a corporation existing under the laws of Delaware.

3. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## JURISDICTION AND VENUE

4. This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

7. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this forum.

///
///

## THE PATENTS-IN-SUIT

8. On July 2, 2002, United States Patent No. 6,415,207 ("the '207 Patent"), entitled, "System and method for automatically providing vehicle status information" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '207 Patent is attached as Exhibit A to this complaint.

9. On July 13, 2004, United States Patent No. 6,763,299 ("the '299 Patent"), entitled, "Notification systems and methods with notifications based upon prior stop locations" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '299 Patent is attached as Exhibit B to this complaint.

10. On June 7, 2005, United States Patent No. 6,904,359 ("the '359 Patent"), entitled, "Notification systems and methods with user-definable notifications based upon occurance of events" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '359 Patent is attached as Exhibit C to this complaint.

11. Plaintiff is the assignee and owner of the right, title and interest in and to the '207 Patent, '299 Patent and '359 Patent including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## DEFENDANT'S INFRINGEMENTS

12. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '299, '207, and '359 Patents by making, using, offering for sale and/or selling within this district and elsewhere in the United States a computer based notification system that enables communication with a user that is designed to receive delivery of a package and provides a means for requesting entry by user of a package identification number.

13. By way of example, Defendant's ship notice/manifest, sometimes referred to as the Advanced Shipment Notice (ASN), or the 856 EDI document, is generated when a user at a computer system elects to purchase an item via Defendant's website and enters an email address as part of the purchase process. Defendant explains by purchasing they

will be provided "order confirmation" and more importantly "shipment confirmation" by selecting to purchase from their website. When a user selects a method of shipping when purchasing an item from Defendant's website, a user necessarily is required to elect a shipping method that allows tracking. Once this election is made, and as the order is processed, shipment confirmations are sent based on a tracking input when the package starts its route (likely pick-up, placed on conveyer belt and/or scanned out to loading dock/out of warehouse, etc.) to its destination (delivery address). This process is evidenced on Defendant's web page:

**TRACK**
- What are your hours of operation?
- How can I receive updates about my shipment?
- Will the recipient be notified upon arrival of the package?
- How can I be assured my shipment is delivered?
- How do I track my shipment?
- What can I use to track my shipment?
- What additional services are available?

**How can I receive updates about my shipment?**

You can receive updates on your shipment by visiting the Track a Package page.

**What can I use to track my shipment?**

You may use a waybill number, a shipment number, a Greyhound Package Express online order number or a reference number (provided at time of shipping) to track a shipment. View examples.

**How do I track my shipment?**

You can track your shipment by visiting the Track a Package page.

http://www.shipgreyhound.com/e/Pages/faq.aspx#Track_Q02



http://www.shipgreyhound.com/e/SitePages/TrackAPackage.aspx

**How do I track a package?**

From the Track a Package Page, enter your tracking information and click the SUBMIT button.
Then click on the Show Details[+] to expand the shipment and review package level details.

**What can I use to track my package?**

You may use the Waybill Number, the GPX On-Line Order Number, or the Reference Number to track your package.

The **Waybill Number** is located at the top of the Waybill.

The **GPX On-Line Order Number** is located at the top of the label.





**How do I track via email?**

To track via email, click here.

Please be sure to include your Waybill, GPX On-Line Order or Reference Number. We will respond via email with the details of your shipment.

http://www.shipgreyhound.com/e/Pages/PackageHelp.aspx

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,415,207

14. Plaintiff repeats and realleges the allegations of paragraphs 1 through 13 as if fully set forth herein.

15. Defendant has in the past and still is directly (and through inducement) infringing, or directly infringing under the doctrine of equivalents, one or more claims of the '207 Patent by making, using, offering for sale and/or selling within this district and elsewhere in the United States a computer based notification system that enables communication with a user that is designed to receive delivery of a package and provides a means for requesting entry by user of a package identification number.

16. The use of a computer based notification system whereby a customer requests and receives an email notification tracking her shipment is material to practicing the methods of the '207 Patent.

17. Defendant has knowledge of the fact that its products and services as administered infringe one or more claims of the '207 Patent, and as direct, firsthand knowledge of the '207 Patent as a result of Plaintiff informing Defendant of the '207 Patent and Defendant's infringement thereof by way of a letter dated April 26, 2016.

18. Thus, Defendant has been on notice of the '207 Patent since at least the date it received Plaintiff's letter dated April 26, 2016.

19. Upon information and belief, Defendant has not altered its infringing conduct after receiving Plaintiff's letter dated April 26, 2016.

20. Upon information and belief, Defendant's continued infringement despite its knowledge of the '207 Patent and the accusations of infringement has been objectively reckless and willful.

21. Plaintiff is therefore entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's infringement of the '207 Patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

/ / /

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,763,299

22. Plaintiff repeats and realleges the allegations of paragraphs 1 through 21 as if fully set forth herein.

23. Defendant has in the past and still is directly (and through inducement) infringing, or directly infringing under the doctrine of equivalents, one or more claims of the '299 Patent by making, using, offering for sale and/or selling within this district and elsewhere in the United States a computer based notification system that enables communication with a user that is designed to receive delivery of a package and provides a means for requesting entry by user of a package identification number.

24. The use of a computer based notification system whereby a customer requests and receives an email notification tracking her shipment is material to practicing the methods of the '299 Patent.

25. Defendant has knowledge of the fact that its products and services as administered infringe one or more claims of the '299 Patent, and as direct, firsthand knowledge of the '299 Patent as a result of Plaintiff informing Defendant of the '299 Patent and Defendant's infringement thereof by way of a letter dated April 26, 2016.

26. Thus, Defendant has been on notice of the '299 Patent since at least the date it received Plaintiff's letter dated April 26, 2016.

27. Upon information and belief, Defendant has not altered its infringing conduct after receiving Plaintiff's letter dated April 26, 2016.

28. Upon information and belief, Defendant's continued infringement despite its knowledge of the '299 Patent and the accusations of infringement has been objectively reckless and willful.

29. Plaintiff is therefore entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's infringement of the '299 Patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

/ / /

# COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,904,359

30. Plaintiff repeats and realleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

31. Defendant has in the past and still is directly (and through inducement) infringing, or directly infringing under the doctrine of equivalents, one or more claims of the '359 Patent by making, using, offering for sale and/or selling within this district and elsewhere in the United States a computer based notification system that enables communication with a user that is designed to receive delivery of a package and provides a means for requesting entry by user of a package identification number.

32. The use of a computer based notification system whereby a customer requests and receives an email notification tracking her shipment is material to practicing the methods of the '359 Patent.

33. Defendant has knowledge of the fact that its products and services as administered infringe one or more claims of the '359 Patent, and as direct, firsthand knowledge of the '359 Patent as a result of Plaintiff informing Defendant of the '359 Patent and Defendant's infringement thereof by way of a letter dated April 26, 2016.

34. Thus, Defendant has been on notice of the '359 Patent since at least the date it received Plaintiff's letter dated April 26, 2016.

35. Upon information and belief, Defendant has not altered its infringing conduct after receiving Plaintiff's letter dated April 26, 2016.

36. Upon information and belief, Defendant's continued infringement despite its knowledge of the '359 Patent and the accusations of infringement has been objectively reckless and willful.

37. Plaintiff is therefore entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's infringement of the '359 Patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

/ / /

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '299, '207, and '359 Patents;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the, '299, '207, and '359 Patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

D. To the extent Defendant's conduct subsequent to the date of its notice of the '299, '207, and '359 Patents are found to be objectively reckless, enhanced damages pursuant to 35 U.S.C. § 284 for its willful infringement of the '299, '207, and '359 Patents; and

E. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Respectfully submitted,

Dated: July 1, 2016    NEWPORT TRIAL GROUP

By: */s/Tyler J Woods*
    Tyler J. Woods
    Attorney for Plaintiff
    Shipping and Transit, LLC

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

Dated: July 1, 2016　　　　　　　　　　NEWPORT TRIAL GROUP

　　　　　　　　　　　　　　　　　　By: */s/Tyler J Woods*
　　　　　　　　　　　　　　　　　　　　Tyler J. Woods
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　Shipping and Transit, LLC